

KRISTEN L. ZAEHRINGER, ESQ.
203-653-5406 DIRECT TELEPHONE
860-240-5758 DIRECT FACSIMILE
KZAEHRINGER@MURTHALAW.COM

April 30, 2021

<u>VIA ECF AND EMAIL</u>:  CronanNYSDChambers@nysd.uscourts.gov

Hon. John P. Cronan, United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:  <u>Fratelli BVBA v. APM Music Services, LLC, et al.</u>, Case No. 20-CV-6208 JPC

Dear Judge Cronan:

      This firm represents Maurice Keizer ("Keizer"), APM Music Services, LLC ("APM"), and All Parts Move, LLC ("All Parts Move", together "Defendants"), defendants to plaintiff Fratelli BVBA's ("Fratelli") complaint.  Keizer is also a respondent to co-defendant Glenn Stone's ("Stone") cross-claims.  On April 19, 2021, the Court entered an order directing the parties to submit, on or before April 30, 2021, a proposed Case Management Plan and letter briefs to the extent that any party was seeking a stay of discovery.[1]  (ECF No. 51.)

      Defendants request that the Court continue the discovery stay until thirty (30) days after the Court has ruled on Defendants' two pending motions to dismiss (ECF Nos. 33, 50).  A stay of discovery is appropriate at this juncture because Defendants' motions to dismiss are substantially likely to be successful and will resolve many of the issues currently in dispute, including all claims asserted against All Parts Move and all claims and cross-claims against Keizer.  By contrast, the Defendants would be prejudiced if forced to incur time and attorneys' fees on claims that will likely be dismissed under FRCP 12(b)(2) and 12(b)(6), especially discovery on each of the claims – as alleged in the complaint and cross-claims – would likely be wide-ranging and burdensome.  Lastly, Fratelli and Stone will not be prejudiced by the limited requested delay because one of the motions to dismiss is already fully-briefed and the Court has set a firm briefing schedule for Keizer's motion to dismiss the cross-claims.

**I.    Background**

      This lawsuit is, at its core, a contract dispute between a Belgian choir (i.e. plaintiff Fratelli) and a Florida company (i.e., APM), over royalty payments.  Fratelli claims that APM failed to pay Fratelli its share of two royalty payments and brought this case against APM and both of its members – Stone and Keizer – for breach of contract, fraud, and unjust enrichment.  On December 4, 2020, Keizer, APM, and All Parts Move moved to dismiss the second count

---

[1] On October 29, 2020, Fratelli, APM, and Keizer submitted a joint case management plan in which APM and Keizer requested, *inter alia*, that discovery be stayed because (1) they sought leave to file a motion to dismiss, and (2) the contours of discovery were unknown since the deadline for two of the four defendants to appear had not yet happened and thus it was unknown if additional motions to dismiss would be forthcoming.  On October 29, 2020, the Court converted the November 13, 2020 pretrial conference into a pre-motion conference.  (ECF No. 27.)  At the November 13, 2020 pre-motion conference, the Court granted APM and Keizer leave to file a motion to dismiss and stayed all discovery pending adjudication of the motion.

**Murtha Cullina LLP**
177 Broad Street, 16th Floor
Stamford, CT 06901
T 203.653.5400
F 203.653.5444

Hon. John P. Cronan, U.S.D.J.
April 30, 2021
Page 2

(fraud) and third count (unjust enrichment) of Fratelli's amended complaint under Federal Rule 12(b)(6). (ECF Nos. 33, 34.) All Parts Move also moved to dismiss Fratelli's claims for lack of personal jurisdiction under Federal Rule 12(b)(2). (*Id.*) Defendants' motion to dismiss is fully briefed. If successful, the motion to dismiss will dispose of each of Plaintiff's claims against Keizer and All Parts Move, leaving only a breach of contract claim against APM.

On March 4, 2021, Stone filed an amended cross-complaint against Keizer without leave of Court or the consent of the parties. (ECF No. 46.) Stone's amended cross-complaint includes claims for (i) breach of contract, (ii) breach of fiduciary duty, (iii) conversion, (iv) indemnity, and (v) civil theft pursuant to Fla. Gen. Stat. § 772.11. Keizer was granted leave to file his motion to dismiss directed to the amended cross-claims. (ECF Nos. 47, 48, 49.) On April 16, 2021, Keizer filed his motion to dismiss Stone's first amended cross-claims in their entirety. (ECF No. 50.) On April 19, the Court ordered that Stone's opposition to Keizer's motion to dismiss his cross-claims is due May 15, 2021. Keizer's deadline to reply is May 29, 2021. (ECF No. 51.)

## II.    Argument

### A. Standard

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2008 WL 11510667, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hatchette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). Courts consider several factors when determining whether to issue a stay, including "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis for the request for stay." *Republic of Turkey*, 316 F. Supp. 3d at 677.

### B. Defendants' Motions to Dismiss are Likely to Be Granted

Defendants' motions to dismiss are strong and are likely to be granted either in whole or in part. Generally speaking, this factor asks the Court to consider whether a motion is "potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). With briefing complete, the Court is aware that Defendants have put forth substantial basis for why All Parts Move should be dismissed from the case under FRCP 12(b)(2) and why Fratelli's unjust enrichment and fraud claims should be dismissed under FRCP 12(b)(6). While Stone has not yet submitted his opposition brief, Defendants' opening motion identifies many substantial – and ultimately fatal – legal and factual issues with each of Stone's cross-claims.[2] The motions also are

---

[2] In fact, Stone's civil theft cross-claim is so facially deficient that Keizer is *entitled* to the attorneys' fees and costs he has incurred in responding to the claim by statute.

potentially dispositive with respect to seven of the eight claims alleged in this case. Consequently, this factor also weighs in favor of a stay of discovery.

### C. Discovery in this Case Will Be Broad and Substantially Burdensome

While discovery has not yet been served in this case, given the number and substance of Fratelli's and Stone's claims (as currently alleged), any discovery that *will* be served will plainly be both broad and burdensome.[3] Fratelli is located in Belgium, Stone in New York, and Defendants in Florida. Fratelli's claims for unjust enrichment and fraud will presumably require substantial documentary and deposition testimony. Stone's five cross-claims are wide-ranging, highly fact-based, and difficult to prove, and Stone will undoubtedly seek significant amounts of discovery from all of the parties in this case. The parties will also need to take third-party discovery, including from Warner Records Group.[4] It also follows that the burden of responding to this likely discovery will be considerable, particularly so for Keizer, who has been sued in his personal capacity, and for All Parts Move, which has moved to dismiss the claims against it for lack of personal jurisdiction. Defendants' pending motions to dismiss, if granted, will substantially narrow the issues in dispute and thereby reduce the amount of discovery necessary for the prosecution of this action. A stay of discovery until the Court decides Defendants' motions to dismiss is therefore highly appropriate. *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 CIV 2120, 1996 WL 101277, at *2–4 (S.D.N.Y. Mar. 7, 1996).

In addition, Keizer, APM, and All Parts Move are all Florida residents. Stone is a resident of New York and Fratelli is a Belgian choir. Some amount of third-party discovery is also likely to occur outside of New York. As a result, "a substantial portion of discovery will likely take place out of state, which further complicates discovery in this case." *Valentini v. Group Health Inc.*, 20 Civ. 9526, 2021 WL 861275, at *2 (S.D.N.Y. Mar. 8, 2021). Staying discovery until resolution of the motions to dismiss is likely to obviate some of the complicated procedural issues that may arise in discovery in this case. Accordingly, for this reason as well, staying discovery until the motions to dismiss are decided is appropriate.

### D. Fratelli and Stone Will Not Be Prejudiced By the Requested Stay

Finally, neither Fratelli nor Stone will be prejudiced by the requested stay. Defendants' motion to dismiss directed to Fratelli's complaint was fully briefed and submitted to the Court on December 30, 2020. Briefing on Keizer's motion to dismiss Stone's cross-claims will be complete by May 29, 2021. This case is at its beginning stages and Defendants are only seeking a modest delay, i.e. only until their motions to dismiss, which may substantially narrow this action, are resolved. Fratelli and Stone will not experience any prejudice as a result of this limited requested stay. *See, e.g., Valentini*, 2021 WL 861275, at *2; *West Farms Assocs. v. State Traffic Comm'n of the State of Connecticut*, No. 90-320, 1990 U.S. Dist. LEXIS 21073, at *8

---

[3] As explained in Keizer's motion to dismiss, the Court also has the authority *sua sponte* to dismiss the sole claim Fratelli has alleged against Stone (for unjust enrichment). (ECF No. 50-1 at 4 n.5.) This would further reduce the scope of discovery in this case.

[4] Defendants will also need to take substantial discovery in their own right, both with respect to Fratelli's and Stone's claims, as well as in support of their own counter-claims – though some of the counter-claims may not be asserted in this matter if Keizer's motion to dismiss Stone's cross-claims is granted, which is another reason to stay discovery.

Hon. John P. Cronan, U.S.D.J.
April 30, 2021
Page 4

(D. Conn. July 23, 1990) ("If the motions to dismiss are granted, the case will be over and [plaintiff] would have gained nothing by taking discovery. If the motions are denied, [plaintiff] will have ample time thereafter to take discovery on the merits of its claims."). Accordingly, this factor also weighs in favor of staying discovery.

* * * *

Ultimately, Defendants have submitted two meritorious motions to dismiss that, if granted, will substantially change the breadth of this dispute. It would be a waste of party and judicial resources for discovery to move forward at this time, and none of the parties will be prejudiced by the modest requested delay. The logical course is for discovery to be stayed until such time as the Court has ruled on Defendants' motions to dismiss so that the parties may then join issue on any remaining claims.

Wherefore, for the foregoing reasons, Defendants respectfully request that the Court stay discovery in this action until thirty days after the Court enters its orders on Defendants' currently pending motions to dismiss. (ECF Nos. 33, 50.)

Respectfully yours,

*/s/ Kristen L. Zaehringer*

Kristen L. Zaehringer

cc:   Glenn Stone Esq., via ECF
      Michael D. Steger, Esq., counsel for Plaintiff, via ECF

---

Having considered "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion[s] forming the basis of the request for stay," *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018), the Court denies Defendants Maurice Keizer's, APM Music Services, LLC's, and All Parts Move, LLC's request for a stay of discovery.

The Court will enter the Case Management Plan by separate order.

SO ORDERED.

Date: May 5, 2021          _____
      New York, New York    JOHN P. CRONAN
                            United States District Judge