# LAW OFFICES OF MICHAEL D. STEGER, PC

295 Madison Avenue, 22nd Floor     30 Ramland Road, Suite 201
New York, NY 10017     Orangeburg, NY 10962
(646) 517-0600     (845) 359-4600
msteger@steger-law.com     (845) 638-2707 (fax)
www.steger-law.com

November 3, 2021

**VIA ECF AND EMAIL**

Hon. John P. Cronan
United States District Judge
United States District Court for the Southern District of New York

    Re: *Fratelli BVBA v. APM Music Services, et al.*; Case No. 20-cv-6208-JPC

Dear Judge Cronan:

    I represent Plaintiff Fratelli BVBA ("Fratelli") in this action. I write pursuant to Rule 5.C of the Court's Individual Practices and Local Rule 37.2 regarding a discovery dispute with Defendant Maurice Keizer. I have raised the issues presented in this letter with Kristen Zaehringer, Keizer's counsel, in a letter on October 20th and during a 30-minute telephone call on October 28th. Counsel were unable to resolve this dispute.

    This case involves the diversion of over $225,000 due to Fratelli by Keizer and Defendant APM Music Services, LLC, including diversion of two payments made by Warner Music Group to APM on Fratelli's behalf: $204,000 on December 22, 2016, and $25,112.14 on April 1, 2019. APM produced bank records in late July showing that APM and Keizer transferred $135,000 to another company, February Entertainment, LLC on December 22, 2016 – the same day APM received the money due Fratelli. The bank records show that, after transferring the money to February Entertainment, APM never had sufficient funds to pay Fratelli, and it later closed its bank account. Online records from the Florida Secretary of State indicate that Keizer is the sole member of February Entertainment. Fratelli's second cause of action claims that Keizer defrauded Fratelli.

    On August 31st, I served a series of document requests on Keizer under Rule 34 seeking, among other things: (17) all contracts and agreements between APM and February Entertainment that were in effect from December 1, 2015 to the present, (19) February Entertainment's articles of organization, operating agreements and other governing documents for the same time period, (21) records of transfers of money from February Entertainment to Keizer from January 1, 2016 to the present, (22) records of meetings of members of February Entertainment for the same period, (23) resolutions, authorizations, consents or approvals of February Entertainment's members or control persons for the same period, and (24) records of any payments by February Entertainment to APM or Defendant Glenn Stone.

After requesting an extension of time to respond, Keizer objected to the requests on some variation of the following grounds:

> Keizer objects to this Request on the ground that it is procedurally improper because it is improperly directed toward Keizer in his individual capacity instead of co-defendant APM Music Services, LLC. Keizer further objects on procedural grounds because February Entertainment USA, LLC is not a party to this lawsuit and has not been served with a third-party subpoena. Keizer further objects to this Request on the ground that it is overbroad to the extent that it seeks information not relevant to the claims and defenses of the parties because it seeks agreements with February Entertainment USA, LLC, an entity that is not a party to this action. In addition, Keizer objects to this request on the ground that it is overbroad to the extent that it seeks information not relevant to the claims and defenses of the parties of this lawsuit and also because it is not limited to the scope of time relevant to the subject matter of this lawsuit.

Keizer also objected that Request No. 17 seeks agreements between APM and February Entertainment that are not relevant to Fratelli's claims in this action.[1]

Keizer contends that Fratelli should subpoena February Entertainment for the documents instead of requesting them from the defendant. His objections that each request is "improperly directed toward Keizer in his individual capacity instead of co-defendant APM Music Services" and that Fratelli should have instead directed its document request to February Entertainment through a third-party subpoena display a misunderstanding about the obligations imposed on parties through the relationship of Rules 34 and 45. Federal Rule of Civil Procedure 45 requires a party issuing a subpoena to minimize the burden on the person or entity receiving the subpoena. *See* FRCP 45(d)(1) (avoiding undue burden or expense) and FRPC 45(d)(3)(A)(iv) (providing for protective order when third party subjected to undue burden). FRCP 34(a) provides that a party may request from its adversaries documents "which are in the responding party's possession, custody or control". "The concept of 'control' has been construed broadly." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (SDNY 2006). "Control", under Rule 34, "does not required that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (SDNY 2007) *quoting Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146-147 (SDNY 1997).

Keizer is a defendant in this action, and as a member of both APM and February Entertainment, he has or should have access to and control over the documents requested. Moreover, for those requests that seek documents that are only in the possession of February Entertainment, Keizer, again as the sole member of that LLC, would have

---

[1] Fratelli's document requests included additional requests and Keizer's responses included additional objections that are not at issue here.

possession of or access to those documents, the "practical ability" to obtain the documents that requires him to produce them. Keizer would have Fratelli go through the expense and delay of serving a subpoena on non-party February Entertainment, which would then presumably object that the subpoena is unduly burdensome on the non-party. Defendant Keizer should produce the documents.

Keizer's other objections are that the subject requests do not relate to the claims and defenses in the current action. Keizer's counsel does not detail how any request is unrelated to the issues in this case. Fratelli's First Amended Complaint pleads fraud against Keizer, alleging that Keizer diverted the money Keizer's company, APM, was obligated to pay Fratelli, instead using it for the benefit of Keizer, Stone and entities controlled by them. Documents produced by Defendants reveal where Keizer and APM sent the money. The relationship between Keizer and APM, on the one hand, and February Entertainment, on the other hand, is relevant to Fratelli's fraud claim, as the transfer to February Entertainment left APM without sufficient funds to pay Fratelli. The relationship between February Entertainment and the other defendants, including payments between them, services (if any) provided by February Entertainment to Defendants, and February Entertainment's ownership structure and operations are relevant to Keizer's state of mind when he made promises to Fratelli, diverted Fratelli's money from APM to another company, and then sought to cover up his wrongdoing. The documents sought also relate to Fratelli's proposed fraudulent conveyance claims, and judicial economy suggests that they should be produced now. Keizer has not alleged any burden in producing the requested documents, as APM and Keizer have already produced approximately 10,000 pages of documents.

In an abundance of caution, Fratelli has served additional document requests on APM to overcome Keizer's objections that certain requests should have been directed to APM instead of Keizer. However, APM will likely assert the same objections. There are no grounds for Keizer to withhold responsive documents over which he, as the sole member of February Entertainment or the managing member of APM, has control. Rule 34 requires that Keizer, a party to this action, produce the documents. There are no grounds to wait for further objections from APM.

Because Keizer has refused to produce responsive documents, Fratelli respectfully requests the Court's intervention to compel their production.

Sincerely yours,
/s/ Michael D. Steger
Michael D. Steger

The request is granted insofar as it seeks permission to request the documents from Keizer, not APM or February Entertainment. A request may be served under Rule 34 when "that party has the right, authority, or practical ability to obtain the documents from a non-party." *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997). Thus, Keizer must produce records of an LLC of which he is the sole member, and thus of which he has control under black-letter law, so long as the requests are within the scope of Rule 26. *See, e.g., Huang v. iTV Media, Inc.*, No. 13 Civ. 3439 (JFB) (SIL), 2017 WL 706194, at *9 (E.D.N.Y. Feb. 22, 2017) (compelling senior officer of a third-party entity to produce its relevant documents); *Wiwa v. Royal Dutch Petroleum Co.*, No. 96 Civ. 8386 (KMW), 2009 WL 529224, at *2-4 (S.D.N.Y. Feb. 17, 2009) (same, collecting cases). And as in the latter case, Keizer "provide[s no] basis to deny" the motion, "rely[ing] only on the fact that the organization is a third party," and does not deny Keizer's actual control. *Id.* This order does not resolve any overbreadth objection.

SO ORDERED.
Date: December 10, 2021
New York, New York

JOHN P. CRONAN
United States District Judge