UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRATELLI BVBA,<br><br>               Plaintiff,<br><br>- against -<br><br>APM MUSIC SERVICES, LLC, MAURICE KEIZER, GLENN STONE and DOES 1 through 10,<br><br>               Defendants. | Case No.: 20-CV-6208-JPC<br><br>STIPULATED PROTECTIVE ORDER |

JOHN P. CRONAN, District Judge:

      WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

      1.     With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

Discovery Material that a Party has designated as "Confidential – Attorney's Eyes Only" shall be treated the same as other Confidential Discovery Material except that Discovery Material designated as "Confidential – Attorney's Eyes Only" pursuant to the requirements of Paragraph 14 may only be disclosed to those persons identified in Paragraph 7 (b),(c), (d), (e),(g), (h), (j) and (k) below. In addition, documents and information designated as "Confidential – Attorney's Eyes Only" may be disclosed to one designated representative from each party who is required in good faith to provide assistance in the conduct of this Action, including any settlement discussions.:

  2. The Party or person producing or disclosing Discovery Material(each, "Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

  (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

  (b) previously non-disclosed material relating to ownership or control of any non-public company;

  (c) previously non-disclosed business plans, product-development information, or marketing plans;

  (d) any information of a personal or intimate nature regarding any individual; or

  (e) any information that the producing Party deems in good faith to constitute sensitive or proprietary financial, technical, marketing, commercial or other business information or data that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

    (f)  any other category of information given confidential status by this Court after the date of this Order.

  3.  With respect to the confidential portions of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel shall designate such portion by stamping or otherwise clearly marking as "Confidential" or "Confidential-Attorney's Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

  4.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for "Confidential" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential."

  5.  If at any time before the termination of this action a Producing Party inadvertently fails to designate as "Confidential" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that

bears the "Confidential" designation within two (2) business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

- (a) the Parties to this action, but only to the extent necessary for providing assistance in this action or for internal reporting and approval processes in connection with this action; their insurers, and counsel to their insurers. Prior to any disclosure of Confidential Discovery Material, the applicable persons shall be informed of this Order and advised that such person is required to maintain the confidentiality of such information;

- (b) Counsel of record to each party, and in-house counsel of each Party, and clerical, paralegal, and secretarial staff necessary to assist such counsel in the prosecution and defense of this action;

- (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

- (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

- (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

- (f) any witness who counsel for a Party in good faith believes may be

|  |  | called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; |
|---|---|---|
|  | (g) | any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; |
|  | (h) | stenographers engaged to transcribe depositions the Parties conduct in this action; and |
|  | (i) | this Court, including any appellate court, its support personnel, and court reporters. |
|  | (j) | Such other persons as may hereinafter be properly qualified to receive "Confidential" information pursuant to subsequent order of the Court |
|  | (k) | Any other person to whom the Parties agree in writing. |

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d),910(f), or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement. Executed Non-Disclosure Agreements shall be subject to production upon demand.

9. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as "Confidential" or

11768833v2

5

"Confidential-Attorney's Eyes Only" hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Confidential-Attorney's Eyes Only."

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. Any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. Thereafter, the Parties shall endeavor to arrive at an agreement, and shall otherwise try in good faith to resolve the dispute on an informal basis. If the Parties cannot reach agreement within five (5) business days, counsel for all affected Parties may address their dispute to this Court in accordance with paragraph IV(A) of this Court's Individual Practices.

12. Any Party who requests additional limits on disclosure (such as "attorneys'

eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. Thereafter, the Parties shall endeavor to arrive at an agreement, and shall otherwise try in good faith to resolve the dispute on an informal basis. If the Parties cannot reach agreement within five (5) business days , counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules of Practice in Civil Cases.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party within five (5) business days of receipt, if there are less than ten (10) days to comply with the subpoena, or at least seven (7) business days prior to the due date of compliance, if there are more than ten (10) days to comply. Upon receiving such notice, the Producing Party will bear the burden and expense to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. Each person who has access to Discovery Material designated as "Confidential' or "Confidential-Attorney's Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event that the Producing Party seeks timely relief from the appropriate Court, the Party that received the request for Confidential or

Confidential-Attorney's Eyes Only information shall not produce any such information until ordered by the Court to do so, and shall thereafter do so only insofar as the Court may direct.

15. Should any Party produce inadvertently produce documents subject to attorney-client privilege, work product protection, and/or any other applicable privilege or protection, the Producing Party may recall such documents by notifying the receiving Party in writing of the inadvertent production and the basis for the claim of attorney-client privilege and/or work product protection. Within five (5) business days from receiving notice from the Producing Party, the receiving Party shall either (1) return the originals and all copies made by the receiving Party of the documents identified in the notice; or (2) destroy the originals and all copies made by the receiving Party, as specified by the Producing Party, and confirm the same in writing. The receiving Party shall not use or disclose the information subject to the claim of attorney-client privilege and/or work production protection and shall take reasonable steps to retrieve such information if the receiving Party disclosed that information before receiving notification from the Producing Party. The receiving Party's obligation to return the inadvertently produced documents is without prejudice to the receiving Party's right, within the five (5) business day period, to present the information subject to the claim of attorney-client privilege and/or work-product protection to the Court under seal for the purpose of challenging the Producing Party's claim. The inadvertent production shall not be a basis for any finding that the attorney-client privilege and/or work-product protection have been waived in connection with any such challenge to the Producing Party's claim.

16. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Producing Party, or destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by

submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

---

Michael D. Steger
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, New York 10962
(646) 517-0600
(845) 638-2707 (fax)
msteger@steger-law.com
*Attorney for Plaintiff*

Dated: October 20, 2021

---

Glenn Stone
Gstone7007@gmail.com
1223 Beech Street #22,
Atlantic Beach, NY 11509
*Defendant, Pro Se*

Dated: October 19, 2021

---

Kristen L. Zaehringer
Murtha Cullina
107 Elm Street, Four Stamford Plaza
Stamford, CT 06902
(203) 653-5406
kzaehringer@murthalaw.com
*Attorney for Defendants APM Music, LLC and Maurice Keizer*

Dated: October __, 2021

9

submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

_____
Michael D. Steger
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, New York 10962
(646) 517-0600
(845) 638-2707 (fax)
msteger@steger-law.com
*Attorney for Plaintiff*

Dated: October __ 2021

*/s/ Kristen L. Zaehringer*
_____
Kristen L. Zaehringer
Murtha Cullina
107 Elm Street, Four Stamford Plaza
Stamford, CT 06902
(203) 653-5406
kzaehringer@murthalaw.com
*Attorney for Defendants APM Music, LLC and Maurice Keizer*

Dated: October __, 2021

_____
Glenn Stone
Gstone7007@gmail.com
1223 Beech Street #22,
Atlantic Beach, NY 11509
*Defendant, Pro Se*

11768833v2

9

Dated: October __ 2021

All requests to seal documents shall comply with the Court's Individual Rule 4(b).

SO ORDERED.
 Dated:  December 16 , 2021
 New York, New York

_____
HON. JOHN P. CRONAN
United States District Judge

Exhibit A to Stipulated
Confidentiality Agreement and
Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 20-cv-1590-KPF

MAVRIX PHOTO, INC.

                Plaintiff,

- against –

SOURCE DIGITAL, INC. and DOES 1-10;

                Defendant.

**NON-DISCLOSURE AGREEMENT**

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential-Attorney's Eyes Only. In the absence of written permission or a Court order, I agree to hold in confidence all information produced by the Parties and disclosed to me pursuant to the terms of the Protective Order, and will use any Confidential and/or Confidential-Attorney's Eyes Only information produced by the Parties solely for this action (and any appeals thereof) and for no other purpose whatsoever.  I further agree that within sixty (60) days of the termination of the litigation (and any appeals thereof) I will return all discovery information to the Party or attorney from whom I received it, and shall destroy all copies of Confidential and/or Confidential-Attorney's Eyes Only information containing any notes or other markings and all notes, abstracts, summaries, memoranda and other documents containing or making reference to an Confidential and/or Confidential-Attorney's Eyes Only information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                                              _____
Name:
Date: _____, 2020