UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
FRATELLI BVBA,                                                         :
                                                                       :
                              Plaintiff,                               :
                                                                       :   20 Civ. 6208 (JPC)
        -v-                                                            :
                                                                       :        ORDER
APM MUSIC SERVICES, LLC *et al.*,                                      :
                                                                       :
                              Defendants.                              :
-----------------------------------------------------------------------X
                                                                       :
GLENN STONE,                                                           :
                                                                       :
                              Cross Claimant,                          :
                                                                       :
        -v-                                                            :
                                                                       :
MAURICE KEIZER,                                                        :
                                                                       :
                              Cross Defendant.                         :
-----------------------------------------------------------------------X
                                                                       :
MAURICE KEIZER,                                                        :
                                                                       :
                              Cross Claimant,                          :
                                                                       :
        -v-                                                            :
                                                                       :
GLENN STONE,                                                           :
                                                                       :
                              Cross Defendant.                         :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On August 7, 2020, Fratelli BVBA ("Fratelli") filed the Complaint that initiated this action, *see generally* Dkt. 1, alleging that APM Music Services, LLC ("APM"), which provides management services in the music industry, *id.* ¶ 3, and Maurice Keizer and Glenn Stone, APM's

co-managing members, *id.* ¶¶ 4-5, had failed to remit to Fratelli certain royalty payments they had collected on Fratelli's behalf, *id.* ¶ 2. Subsequently, on October 6, 2020, Fratelli amended the Complaint by adding All Parts Move, LLC ("All Parts"), a corporation owned and managed solely by Keizer, as a Defendant. *See* Dkt. 17 ("First Am. Compl.") ¶¶ 4-5. Keizer, APM, and All Parts subsequently moved to dismiss the First Amended Complaint. Dkt. 33. Stone instead answered the First Amended Complaint, *see generally* Dkt. 39, and also brought four cross-claims against Keizer, *id.* at 14-17, to which he subsequently added a fifth, Dkt. 47 at 17-18. Keizer then moved to dismiss the cross-claims, as well. Dkt. 50.

On May 6, 2021, the Court entered a scheduling order, Dkt. 55, which allowed discovery to begin while the two motions to dismiss were pending. After the Court granted those motions in part and denied them in part on September 27, 2021, Dkt. 69 ("Opinion"), Keizer and APM answered the First Amended Complaint, Dkt. 76, and Keizer both answered Stone's cross-claims and brought his own cross-claims against Stone, Dkt. 77.[1] Stone subsequently answered those cross-claims. Dkt. 88. On December 15, 2021, the Court referred this case to the Honorable Gabriel W. Gorenstein for a settlement conference. On April 25, 2022, following settlement negotiations, the parties filed a proposed order, Dkt. 128, which the Court issued the same day, Dkt. 129, dismissing all of Fratelli's remaining claims. The only claims now remaining are Keizer's cross-claims against Stone and Stone's cross-claim against Keizer for breach of fiduciary duty, the lone cross-claim to survive Keizer's motion to dismiss, *see* Opinion at 14-23.

Now before the Court is Keizer's letter-motion to dismiss those cross-claims without prejudice, Dkt. 134 ("Keizer Br."), which Stone has opposed, Dkt. 135 ("Stone Br."). The First

---

[1] Because the Court's September 27, 2021 Opinion dismissed Fratelli's claim for unjust enrichment, Opinion at 6, which was the only claim asserted against All Parts, *see* First Am. Compl. at 10, All Parts was terminated as a Defendant in this case and had no need to answer the First Amended Complaint.

Amended Complaint initially fell within the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because Fratelli is a citizen of Belgium while all Defendants are citizens of either Florida or New York, First Am. Compl. ¶¶ 2-6, and because the amount in controversy exceeds $75,000.00, *id.* ¶ 43.  Keizer asserts, Keizer Br. at 2, and Stone does not dispute, *see generally* Stone Br., that the amount in controversy in their cross-claims does not exceed $75,000, and thus that under section 1332(a) this Court could not exercise jurisdiction over the cross-claims on their own.  Instead, the Court's jurisdiction over Keizer's and Stone's cross-claims depended on its jurisdiction over Fratelli's claims, which arose from the same events, since "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  Nonetheless, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c).  Because the Court has dismissed all of Fratelli's claims, which were the claims over which it had original jurisdiction, *see* Opinion at 7-14; Dkt. 129, Keizer asks the Court to decline to exercise supplemental jurisdiction over the remaining cross-claims pursuant to section 1367(c)(3), Keizer Br. at 2-4.

Federal courts should avoid "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  For that reason, the Supreme Court has emphasized that a district court's discretion to exercise supplemental jurisdiction over related state-law claims "need not be exercised in every case in which it is found to exist." *Id.*  In particular, if "federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Id.*  To be sure, "this statement does not establish a mandatory rule to be

3

applied inflexibly in all cases." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (citation omitted). Rather, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Id.* at 350. But "in the usual case in which all federal-law claims are eliminated before trial," those factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7. In such cases, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* at 350 (footnote and citation omitted). Stone has provided no compelling justification for treating this case differently from "the usual case in which all federal-law claims are eliminated before trial," as they have been here. Instead, all four factors—judicial economy, convenience, fairness, and comity—favor dismissal.

First, the remaining cross-claims assert various tort and corporate law causes of action that arise entirely under Florida law. *See* Dkt. 47 at 15; Dkt. 77 at 10-12. Such common law claims are routine in Florida state courts; by contrast, this Court is relatively unfamiliar with Florida tort and corporations law, which rarely govern cases that arise within its jurisdiction. Comity therefore favors dismissal. Furthermore, while this case has been pending for some time, it remains at an early stage in litigation. Motion practice has primarily concerned the pleadings rather than the merits, *see* Dkt. 33 (motion to dismiss); Dkt. 50 (motion to dismiss); Dkt. 83 (motion to for leave to file an amended complaint); Dkt. 91 (motion for leave to file a motion to dismiss), and discovery has not proceeded past the exchange of written materials, *see* Keizer Br. at 2; Stone Br. at 4. Thus far, the Court has not been required to familiarize itself with all of the provisions of Florida law that would govern the resolution of the cross-claims on the merits, nor has it reviewed the evidence that would determine which party is entitled to prevail. Because such steps would remain were this

Court to retain jurisdiction, whereas the Florida state courts are presumably familiar already with Florida common law, judicial economy likewise favors dismissal.

Further, because the cross-claims have proceeded only through written discovery, dismissal would pose only minor inconvenience to the parties. While Stone argues that dismissal would "mak[e] a state court duplicate all of the extensive work already done by this Court," Stone Br. at 4, it is unclear what duplicative work he envisions. Disputes between Fratelli and Defendants obviously would not recur in a suit between Keizer and Stone, and the Court's rulings on Keizer's motion to dismiss would have preclusive force in a state court suit. It also is unclear why the parties would duplicate the exchange of written discovery materials that has already occurred. Following dismissal from this Court, they may simply re-file their pleadings in state court and proceed with depositions; all costs they would bear from that point forward would arise either in state or federal court. And the costs of re-filing in state court cannot on their own justify the retention of jurisdiction since those costs must be incurred whenever a federal court declines jurisdiction.

Lastly, the Court is not persuaded by Stone's argument that Keizer seeks dismissal "for the sole purpose of trying to foreclose Stone's ability to recover on his cross-claims, which certainly does not serve the principle of fairness." *Id.* Recovery by Stone would not be foreclosed were the remainder of this dispute to be resolved in the Florida courts, which are perfectly capable of awarding relief to plaintiffs alleging a breach of fiduciary duty, particularly since federal law explicitly tolls state statutes of limitations during the pendency in federal court of a state-law claim asserted under the federal court's supplemental jurisdiction and for at least thirty days after such a claim is dismissed, *see* 28 U.S.C. § 1367(d).

Because district courts ordinarily decline to exercise supplemental jurisdiction over the claims that remain once they have dismissed the claims over which they had original jurisdiction, and because Stone has identified no distinguishing features of this case that would justify a different

5

result, Keizer's motion to dismiss his and Stone's cross-claims is granted. The Clerk of Court is respectfully directed to close this case.

    SO ORDERED.

Dated: December 6, 2022
       New York, New York

                                      JOHN P. CRONAN
                                  United States District Judge